UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 4:10-CR-714 |
| | § | |
| SEGUN DEBOWALE | § | |

**MEMORANDUM AND ORDER**

Segun Debowale pled guilty to conspiracy to commit wire fraud. This Court sentenced him to a 78 month term of imprisonment, two years of supervised release, a $100 special assessment, and restitution in the amount of $94,183.36. *See* Judgment (Doc. # 43). This case is before the Court on Debowale's motion to vacate, set aside, or correct his sentence (Doc. # 77). Having carefully considered the motion, the government's response, Debowale's reply, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that Debowale's motion should be denied.

**I.      Background**

Debowale was indicted for conspiracy to commit wire fraud, in violation of 18 U.S.C.§ 1349, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and aggravated identity theft, in violation of 18 U.S.C.§§ 1028A(a)(1) and (2). Debowale pled guilty to the wire fraud count pursuant to a written plea agreement containing appellate and postconviction waivers. The Court inquired of Debowale whether he discussed the plea agreement with counsel and understood it. Debowale answered that he did, and the Court found the plea and waivers voluntary. Rearraignment Transcript (Doc. # 57) at 9-10.

Debowale appealed his sentence. The Fifth Circuit dismissed the appeal in a *per curiam* opinion. *See United States v. Debowale*, 498 Fed. App'x 447 (5th Cir., Nov. 29. 2012).

## II.     Applicable Legal Standards

Debowale brings this motion under 28 U.S.C. § 2255, which provides for relief "for errors that occurred at trial or sentencing." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The motion contends that Debowale received ineffective assistance of counsel resulting in the court considering inaccurate sentencing factors.

## III.    Analysis

The plea agreement contains an express waiver of Debowale's right to collaterally attack his sentence. "The defendant waives his right to contest his conviction or sentence by means of any post-conviction proceeding." Plea Agreement (Doc. # 26) at 5. The government argues that Debowale thus waived his right to attack his conviction and sentence. Debowale, however, argues that his plea and waiver were not knowing and voluntary. He bases this argument on his claims that his counsel did not sufficiently investigate the facts of his case, and failed to challenge the number of victims, the loss calculation, and an allegedly untimely disclosure of the presentence report ("PSR"), leading to a sentence exceeding that which Debowale anticipated when he agreed to plead guilty.

The right to challenge a conviction or sentence on appeal or in postconviction proceedings is waivable. *See, e.g.*, *United States v. Burns*, 433 F.3d 442, 446 (5th Cir. 2005); *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2005). To determine if the waiver is valid and binding, this Court must determine whether the waiver was knowing and voluntary, and whether the plain language of the waiver applies to this proceeding. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

The Court conducted a plea colloquy in which Debowale stated that he is a college graduate. Rearraignment Hearing (Doc. # 57) at 9. He further testified that he was not on any

medications, and that he had an opportunity to review the plea agreement with counsel. Debowale's attorney stated that she was satisfied that Debowale was mentally competent and understood the agreement. The Court laid out the elements of the crime of conspiracy to commit wire fraud and explained that, if Debowale went to trial, it would be the government's burden to prove each element beyond a reasonable doubt. The Court also explained that Debowale faced up to 20 years imprisonment and a fine of up to $250,000, a period of supervised release after his prison sentence, a special assessment, and possible deportation.

It is clear from the transcript that Debowale was competent to plead guilty and understood the ramifications of his plea, including the waiver of his right to challenge his conviction and sentence. Debowale's present claims that his counsel failed to investigate or challenge the loss calculation or number of victims is ultimately irrelevant because the record makes clear that Debowale actually knew and understood the sentence he faced, including the possibility of monetary penalties.

Moreover, ineffective assistance of counsel can overcome the waiver "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Debowale's complaints about counsel's performance pertain to the sentence that was ultimately imposed, but that sentence falls within the parameters discussed at the plea colloquy and in the written plea agreement. Therefore, the alleged ineffective assistance of counsel does not affect the validity of the waiver or the plea.

Despite his complaints about the loss calculation and number of victims, Debowale concedes that these numbers were corrected in the final PSR. *See* Reply at 4, 11-12. Thus, Debowale's claim that ineffective assistance of counsel led the use of incorrect information at

sentencing is inaccurate. The final PSR contained correct information, and the record shows that the information was corrected due to objections raised by counsel. *See* Doc. # 60 at 6-10. At a subsequent proceeding, Debowale acknowledged that he reviewed a revised PSR and had no objections. Doc. # 62 at 5-6. Debowale thus fails to demonstrate that he received ineffective assistance of counsel.

Debowale was informed of the effects of his plea agreement. His plea was thus knowing. Moreover, Debowale has not shown that he was in any way coerced or threatened, or that the plea was in any way involuntary. He chose to plead guilty, and thus waived his right to bring this action.

Debowale ultimately received a sentence more than 13 years shorter than the maximum possible sentence discussed at the plea colloquy, and monetary penalties substantially below the amounts discussed at that colloquy.

Debowale asserted under oath that he understood the agreement, which includes a waiver of his right to collaterally attack the conviction or sentence. Nothing in the plea colloquy suggests that Debowale's plea was anything less than completely knowing and voluntary. Debowale thus waived his right to attack his conviction and sentence, and his motion must be denied.

### IV.   Conclusion

For the foregoing reasons, Debowale has waived his right to bring this action. His motion is therefore denied.

### V.   Certificate Of Appealability

Debowale has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v.*

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A defendant may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the defendant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A defendant "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000).

This Court has carefully reviewed the record in this case. The Court finds that Debowale voluntarily, knowingly and intelligently waived his right to bring this action. Debowale has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Debowale is not entitled to a certificate of appealability.

**VI.** **<u>Conclusion And Order</u>**

For the foregoing reasons, it is ORDERED as follows:

A. Segun Debowale's motion to vacate, set aside, or correct sentence (Doc. # 77) is DENIED; and

B. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 29th day of April, 2014.

_____

Kenneth M. Hoyt
United States District Judge